# Wytheville.

HAWSE v. FIRST NATIONAL BANK OF PIEDMONT, W. VA.

June 13, 1912.

Absent, Cardwell, J.

1. BILLS AND NOTES—*Ownership—Presumption—Burden of Proof.*—The possession of a note, regular upon its face, is *prima facie* evidence of ownership, and that it has been taken in good faith for value, but this presumption may be rebutted, and, when rebutted, the burden is upon the holder to show that he is the owner in good faith for value.

2. EVIDENCE—*Written Instruments—Conditional Delivery.*—While parol evidence is not admissible to vary, alter, or contradict the terms of a valid written instrument, it is admissible to show that the conditions upon which it was to become operative have never occurred, and that this fact was known to the holder when he took it.

3. BILLS AND NOTES—*Endorsements—Conditional Delivery—Instructions.*—Where the evidence tends to show that the defendant, who was sued as the endorser of a note, was not liable on his endorsement because he had delivered it to the plaintiff upon condition that he would not be bound thereby until a third person had also signed as joint endorser, it is error to instruct the jury to disregard such evidence.

Error to a judgment of the Circuit Court of the city of Richmond, on a motion for a judgment for money. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Emmett Seaton* and *Meredith & Cocke*, for the plaintiff in error.

*Thomason & Minor*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the First National Bank of Pied-mont, West Virginia, against A. L. Hawse, as one of several joint endorsers on a negotiable note held by it. The note sued on was the fifth renewal of a note which the bank had discounted for the makers and endorsers thereof in April, 1906. The original note had four endorsers, one of whom was M. A. Patrick, the president of the bank, but the note sued on had only three en-dorsers, the name of M. A. Patrick having been dropped.

The principal defense relied on was that the plaintiff bank had lost its right to recover of the defendant by releasing M. A. Patrick, one of the endorsers jointly liable with him; and that the release of Patrick by the bank was not only in violation of the defendant's legal right to have the liability of all those bound with him continued until the note was paid, but that it was in violation of a distinct agreement by the bank, repeated whenever the note was renewed, that it would not be used before the names of all the other parties thereto who were liable with the defendant had been procured.

The evidence on behalf of the defendant, which was chiefly in support of this defense, shows that at the inception of the transaction the original note was the joint obligation of the two makers and the four endorsers thereon. M. A. Patrick, who was called by the defendant as an adverse witness, testifies that he was the president of the plaintiff bank throughout the time that this note and its several renewals were held by the bank. He admits that he was jointly liable thereon with the defendant; that he se-cured each renewal of the note, and that whenever he sent the new note to the defendant to be endorsed by him, it was accom-panied with the assurance that the names of the other parties would be procured before the note was used. This witness further admits that as president of the bank it was his duty to attend to the matter of securing these renewals, and that in each instance he acted for and on behalf of the bank, as its president and agent, and with full authority to represent the bank in the matter. Throughout the trial, this and other evidence tending to show that Patrick had been released from the note with the full know-ledge of the bank, and that his release therefrom had been ratified by the bank, was objected to as inadmissible, because, as claimed,.

the note sued on was complete on its face, and such evidence tended to alter or vary the terms of a valid written contract.

There is no question that the possession of a note, regular upon its face, is *prima facie* evidence of ownership, and that it has been taken in good faith for value, but that is a presumption that may be rebutted, and, when it is rebutted, the burden is upon the holder to show that he is the owner in good faith for value.

The evidence in this case tends strongly to rebut that presumption in favor of the plaintiff, and yet it offered no evidence, and rested its case solely on the note.

The first assignment of error is to the action of the court in sustaining the motion of the plaintiff to strike out such parol evidence adduced by the defendant as tended to alter or vary the terms of the contract between the parties, as expressed by the note in suit, or which tended to show a less or different liability upon the defendant than that shown by the note itself.

It is manifest from the record that this action of the court was taken upon the theory that the evidence to which we have adverted was inadmissible, as tending to vary the contract, and that it was this evidence which was intended to be excluded; otherwise, the motion was vague and indefinite, and the action of the court well calculated to confuse and mislead the jury. The evidence introduced by the defendant to show that his liability on the note was at an end, because of the action of the bank in releasing its president, who was joint endorser with him, was not for the purpose of altering the contract sued on, and could have had no such effect. The purpose of the evidence was to show that the condition precedent to the defendant's liability, agreed upon between him and the agent of the bank, had not been performed. For this purpose it is well settled that the evidence excluded was admissible. *Woodward, Baldwin & Co.* v. *Foster*, 18 Gratt. (59 Va.) 200; *Ward* v. *Churn*, 18 Gratt. (59 Va.) 801; *Catt* v. *Olivier*, 98 Va. 580, 36 S. E. 980.

In the case last cited this court says: "No rule of law is better settled, or of greater importance, than that a written contract cannot be contradicted or varied by evidence of an oral agreement between the parties, made before or at the time of such contract. The object of the evidence introduced in this case was not, however, for the purpose of contradicting or varying the

writings in question, but to show that the conditions upon which they were to become operative never occurred. That this may be done, within certain limitations, is well settled."

In such cases, as was said in *Nash* v. *Fugate*, 32 Gratt. (73 Va.) 595, 609, 34 Am. Rep. 780, "the oral evidence tends to prove independent facts, which, if established, avoids the effect of the written agreement by facts *de hors* the instrument, but do not tend to contradict or vary it."

The Supreme Court of the United States held, in the case of *Burke* v. *Dulaney*, 153 U. S. 228, 38 L. Ed. 698, 14 Sup. Ct. 816, that in an action by the payee of a negotiable note against the maker, evidence was admissible to show by parol an agreement between the parties, made at the time of making the note, that it should not become operative as a note until the maker could examine the property for which it was given, and determine whether he would purchase it.

In section 315 of Joyce on Defense to Commercial Paper, it is said: "Condition that Other Signatures be Procured.—Where a note is signed by a person upon the condition that it is not to take effect until the signature of another has been procured, it may be shown, in defense to an action on the paper by a payee or holder with notice of such fact, that there has been a breach of the condition upon which defendant affixed his signature to the paper. So where a person signs a note as surety, and leaves it with the principal payor, on condition that the signature of another be obtained before delivering the same, it may be shown that the instrument was delivered in violation of such condition, as the payor will be regarded as the agent of the surety in such a case."

In the light of the authorities cited, it is clear that the circuit court erred in excluding the evidence adduced by the defendant to show that the bank could not recover from him, because it had violated its agreement to procure all of the signatures of the parties jointly liable thereon before using the note, and had released from liability its president, M. A. Patrick, who was jointly liable, as endorser, with the defendant.

The second assignment of error is to the action of the court in giving to the jury the following instruction:

"The court instructs the jury that upon any negotiable note, whether payable in Virginia or not, an action may be maintained and a judgment given against any one of the endorsers thereon alone for the entire principal of such note, and charges of protest, with legal interest thereon from the date of such protest. If the jury believe from the evidence that Maner Jenkins, a notary public, at the request of the cashier of plaintiff bank, presented said note at said First National Bank of Piedmont, West Virginia, on the day it became due and payable—viz., the 1st day of March, 1909—and demanded payment thereof, and that payment was refused, and that said notary public thereupon protested the same for non-payment, and on the same day deposited in the post-office at Piedmont, West Virginia, notice of such presentment, non-payment, dishonor, and protest, addressed to A. L. Hawse, at Richmond, Virginia, they must find for the plaintiff, and must disregard all evidence tending to show any less or different liability upon the said Hawse than that appearing upon the face of said note."

What has been said in dealing with the first assignment of error is equally applicable to this instruction, and need not be repeated in this connection. The instruction was plainly erroneous. It practically excluded from the jury's consideration all of the evidence introduced by the defendant, and, in effect, told them that the only evidence to be considered by them was the note itself.

The evidence in the case, as already seen, tends strongly to show that M. A. Patrick, who was jointly liable with the defendant, was released from the note in suit by the bank, or at least with its knowledge and acquiescence. The question raised by this evidence should have been submitted, under proper instructions, to the jury, in order that they might determine from such evidence whether or not the defendant had thereby sustained his defense, and established his right to be released from liability for the note sued on.

The third assignment of error is to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence. As the case must be remanded for a new trial, we will not discuss the evidence further than has been found necessary in disposing of the first and second assignments.

For the errors pointed out, the judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*