## 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

## CONTINENTAL TRUST COMPANY, A CORPORATION, v. H. H. WITT, ET AL.

### September 18, 1924.

1. BILLS AND NOTES—*Condition that Note Should not be Paid Unless Maker Succeeded in Selling an Automobile—Precedent or Subsequent—Case at Bar.*—In the instant case the note sued upon was delivered to the payee for a valuable consideration with a parol condition that it was not to be paid unless the maker succeeded in selling the automobile, for which it was given, before the note became due.

   *Held:* That this condition was not a condition precedent without the occurrence of which the note was not at any time to become a valid and binding obligation of the maker, but was a condition subsequent, the occurrence of which was to discharge and put an end to the otherwise valid and binding obligation of the note.

2. PAYMENT—*Bills and Notes—Parol Evidence—Note Payable in Money to be Discharged in Some Other Way.*—Parol evidence is inadmissible to show that a note, or other obligation, in terms payable in money, was in fact to be discharged in some other way.

3. PAYMENT—*Bills and Notes—Parol Evidence—Note Payable in Money to be Discharged in Some Other Way—Fraud.*—The rule that parol evidence is inadmissible to show that a note or other obligation in terms payable in money was in fact to be discharged in some other way is not applicable, if by reason of fraud in the procurement of the paper by the payee, which goes to its validity, or by some breach of confidence by the payee in using the paper, such as fraudulently diverting the paper to another purpose from that for which it was delivered, which also goes to its validity, the instrument never had any vitality as a contract. In such case, as uniformly held, the oral evidence tends to prove independent facts, which, if established, avoid the effect of the written agreement by facts *de hors* the instrument.

4. BILLS AND NOTES—*Parol Evidence—Fraud—Defective Title.*—Fraud in the procurement of a negotiable instrument by the payee, which goes to its validity, or some breach of confidence by the payee in using the paper, such as fraudulently diverting the paper to another purpose from that for which it was delivered, which also affects the

validity of the instrument, renders the title defective under section 5617 of the Code of 1919, and under section 5578 of the Code of 1919, as between the immediate parties and as regards an indorsee with notice thereof, the delivery may be shown, by parol evidence, to have been upon a condition precedent, or for a special purpose only, and not for the purpose of transferring "the property in the instrument."

5. BILLS, NOTES AND CHECKS—*Parol Evidence—Valid Delivery—Condition Subsequent.*—Where a negotiable instrument is in fact delivered as a valid and binding obligation, for any moment of time, and it is sought by parol evidence to show an agreement by the obligee (even though the alleged agreement is said to have been made at or before the delivery of the instrument) to release the obligor from his liability under the terms of the instrument, or to limit such liability, upon the happening of any subsequent event, or under any subsequent circumstances whatsoever, the parol evidence rule is applicable and the evidence is inadmissible, and the same is true in an action by an indorsee with knowledge of such an agreement.

6. BILLS, NOTES AND CHECKS—*Parol Evidence—Valid Delivery—Condition Subsequent—Case at Bar.*—The instant case fell within the parol evidence rule; for it appeared without conflict that the note involved was, at the time of its delivery by the defendant maker to the payee thereof, delivered as a valid and binding obligation, to remain such until its maturity, and even at and after maturity it was still to remain a valid and binding obligation of the maker to pay to the payee or to his indorsee the amount of money stipulated in the note, unless the following subsequent events should happen, namely: Unless the automobile, for which the note was given, was not sold for a price equal to the amount of the note, and the unsold automobile was returned to the payee of the note before its maturity; and only upon the happening of such subsequent events was the maker of the note to "be not required to pay the same or any part thereof." Consequently the admission of parol evidence by the defendant to set up the condition subsequent was error.

7. ATTACHMENT—*General Appearance—Hearing on the Merits—Section 6404 of the Code of 1919.*—In the instant case, an attachment, the principal defendant assigned as error the failure to dismiss the attachment because the executor of an estate who was indebted to, and had in his possession property belonging to, the principal defendant, was made a party defendant before there had been an ascertainment of whether there were any prior liens on the principal defendant's share of the estate.

*Held:* That as there had been a general appearance by the principal defendant under section 6404 of the Code of 1919, there was no issue before the Supreme Court of Appeals with regard to the attachment.

Error to a judgment of the Circuit Court of Lee county, in an attachment proceeding. Judgment for defendant. Plaintiff assigns error.

*Reversed and final judgment entered for plaintiff.*

This case originated in an attachment proceeding, instituted by the plaintiff in error, the Continental Trust Company, a corporation (hereinafter called plaintiff), seeking to enforce the payment by the defendant in error, H. H. Witt (hereinafter called defendant, or by name), of a certain negotiable note, mentioned in the petition for the attachment, which note was payable to the order of a certain payee, and by the latter, for value received, endorsed and delivered to the plaintiff, before maturity, all as set forth in said petition for attachment.

The petition for the attachment was as follows:

"This, the petition of Continental Trust Company, a corporation, plaintiff, against H. H. Witt, principal defendant, and J. F. Witt, surviving executor of the estate of W. S. Hurst, deceased, codefendant, for attachment, alleges:

"That the said H. H. Witt, principal defendant, is indebted unto the said Continental Trust Company in the sum of $1,650.00, with legal interest thereon from the 15th day of June, 1920, until paid, subject to a credit of $177.97 as of March 1, 1922, which said debt is evidenced by certain note executed by the said H. H. Witt, bearing date June 15, 1920, payable two months after date, with interest from date, at the rate of six per cent, per annum, until paid, to the order of the Potomac Motors Company, Incorporated, which said note, before same became due and payable, was for valuable consideration endorsed to the said Continental Trust Company, which said sum of $1,650.00, with interest thereon as aforesaid, subject to the said credit as aforesaid, is the

least the plaintiff is entitled to and ought to recover; that no part of said debt as aforesaid, as evidenced by said note as aforesaid, except the said credit as aforesaid, has been paid; that the said principal defendant, the said H. H. Witt, is not a resident of this State and has estates and debts owing to said defendant within the county of Lee in which this attachment is, and that the said codefendant, J. F. Witt, executor of the said estate as aforesaid, is indebted to and has in his possession property, real and personal, belonging to the said principal defendant, which is sought to be attached;

"Wherefor the plaintiff prays for judgment against said H. H. Witt, for said debt and that an attachment may forthwith issue against the estate, real and personal, of said principal defendant, H. H. Witt, returnable to the first day of the next succeeding term of said court of the county of Lee."

Upon this petition process was issued directing the officer to summon the said defendant, H. H. Witt, to answer the petition, etc., in pursuance of the statute on the subject. Whether there was any service of the process on such defendant, or on J. F. Witt, executor, the codefendant, or whether any of the property mentioned in the petition was attached, does not appear from the record. It does appear, however, from the record, that said defendant, H. H. Witt, appeared generally, and entered a plea of the general issue and filed his grounds of defense hereinafter set forth.

The grounds of defense filed by the last named defendant were, so far as material, as follows:

*"Grounds of Defense.*

\*    \*    \*    \*    \*    \*    \*    \*    \*

"First: That he does not owe the said sum of

$1,650.00 or any part thereof in manner and form as set forth in said plaintiff's petition and attachment sued out thereon.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"Third: That said note was made and delivered to the said Potomac Motors Company, Incorporated, in consideration of a certain Chandler automobile, which the said defendant undertook to try and sell for said motors company at a price of not less than the amount of said note and within the time when said note according to its terms would become due and payable, with the express understanding agreement that in case said automobile was not sold within the time aforesaid, the said automobile to be returned to said motors company, and upon the return of the same, said defendant's said note to be returned to him, and he be not required to pay the same or any part of the same—all of which agreement and understanding the said plaintiff had notice at and before said note was endorsed and turned over to said plaintiff;

"Fourth: That pursuant to said agreement, as set forth in paragraph three of the grounds of defense to said proceedings, the said defendant having failed after due diligence and efforts to make a sale of said automobile, did, on the — day of August, 1920, take the same to the said motors company, and offered and tendered the same to it, and at the same time demanded of said motors company the said note sued upon, but said motors company failed and refused, as it had agreed to do at the time said note was executed, to turn back and surrender the same up to said defendant.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"Sixth: That at the time said defendant made said note to said motors company, it was largely indebted to

said plaintiff and said plaintiff was demanding payments or securities upon its indebtedness owing to it by said motors company, and at the time such demands were being made, said motors company owned or claimed to own said automobile, and in order to pacify and satisfy said plaintiff, and to cause it to extend further time upon what it was owing to said plaintiff, it conceived the idea of *cheating* and defrauding said defendant by procuring him to make and sign said note in the manner, way, terms and upon the conditions as set forth in paragraph three of these grounds of defense to said proceedings, and so that it could take said note and turn the same over to said plaintiff; and said plaintiff at and before it received said note from said motors company had actual knowledge of said fraudulent intent of said motors company, or at least had knowledge of such facts in respect to the execution thereof that its action in taking said note from said motors company amounted to bad faith in law."

\*    \*    \*    \*    \*    \*    \*    \*    \*

There was a trial by jury of the issue thus presented, which resulted in the following verdict: "We the jury find for the defendant."

The plaintiff moved the court to set aside the verdict and enter judgment for the plaintiff, under section 6251 of the Code, for the amount of the note, less the credit thereon, with interest from the date of the note, as shown by the pleadings and proof, on the grounds (among others which need not be mentioned) that the court erred in admitting parol evidence in behalf of the defendant tending to prove the facts alleged in the third, fourth and sixth grounds of defense, and in giving the instruction set out in certificate of exceptions No. 1; over the objection of the plaintiff, also set out in such certificate. But the court overruled such motion and

entered judgment for the defendant in accordance with the verdict, and the plaintiff assigns error.

Of the parol evidence, it is sufficient to say that it was, without conflict, to the effect that the note sued on was executed and delivered by the defendant, H. H. Witt, to the payee thereof for the following named purpose, and upon the following named condition, to-wit: For the purpose of enabling the payee to endorse and deliver the note to the plaintiff, before the maturity of the note, for valuable consideration; and upon this condition (which was understood between the defendant, H. H. Witt, and said payee, at the time the note was delivered), namely: That in case the automobile, for which the note was given as set forth in the "third" ground of defense, was not sold by Witt, at a price of not less than the amount of the note, before the note fell due according to its terms, and the automobile was returned by Witt to said payee before the note became due, upon such return of the automobile the note was to be returned to Witt, and he would not, in such event, be required to pay the note or any part thereof. That such note was accordingly endorsed and delivered by the payee thereof to the plaintiff, before maturity, for valuable consideration given at the time therefor by the plaintiff. With respect to said condition, the evidence showed, without conflict, that the automobile was not sold by the defendant, H. H. Witt; that the return of the automobile to the said payee was tendered by him, and that the payee of the note and the plaintiff refused to give up the note to Witt when he tendered the return of the automobile. There was, however, a conflict in the testimony as to whether the return of the automobile was tendered before the maturity of the note, and as to whether the plaintiff, before it received and discounted the note for value, had any knowledge of the aforesaid

condition upon which it was executed and delivered as aforesaid.   But, in view of the verdict, such conflict must be considered as resolved in favor of the defendant, H. H. Witt.

The certificate of exceptions No. 1, above referred to, was as follows:

## "*Certificate of Exception No. 1.*

"The court certifies that, upon the trial of this case, after all the evidence had been introduced and before the case was argued and submitted to the jury, the defendant requested the court to give the following instruction:

" 'The court instructs the jury that, even though they should believe from the evidence in this case that the defendant, H. H. Witt, signed and delivered the note sued on amounting to $1,650.00 and dated June 15, 1920, and becoming due sixty days after its date; and that said motor company endorsed said note before it became due to the plaintiff in this case for a valuable consideration, but if you should further believe from the preponderance of the evidence in this case that said note was given in consideration of a certain Chandler sedan car to said motor company under an agreement and understanding between said Witt and motor company, that if the car for which said note was given was not sold by said Witt by the time said note became due, and that said Witt on his failure to sell said car would return the same to the said motor company and that he failed to sell the same and offered to return the same to said motor company, and in that case the said motor company would return to said Witt said note; and further, that Charles W. Warden, the first vice-president and cashier of said Continental Trust Company knew or had

been informed before it bought said note of the said agreement between said motor company and said Witt, then you should find for the defendant.'

"To the giving of the instruction the plaintiff objected on the ground that the parole agreement sought to be set up by the defendant was violative of the rules of evidence prohibiting the introduction of evidence of a parole contract which sets aside or varies the written contract, but the court overruled the plaintiff's objection and gave said instruction to the jury, and the plaintiff excepted."

*Pennington & Cridlin,* for the plaintiff in error.

*Pennington & Pennington* and *B. H. Sewell,* for the defendants in error.

SIMS, P., after making the foregoing statement, delivered the following opinion of the court:

The assignments of error on behalf of the plaintiff present but a single question for our decision, which is, indeed, one of fact, namely:

[1] 1. Was the condition, upon which the note sued on was given by the maker, a condition precedent, without the occurrence of which the note was not at any time to become a valid and binding obligation of the maker; or was it a condition subsequent, the occurrence of which was to discharge and put an end to the otherwise valid and binding obligation of the note?

[2] The first branch of the question must be answered in the negative; the last in the affirmative.

There is no conflict in the argument before us as to the law of the case. The parol evidence rule as applied to promissory and negotiable notes, which are obliga-

tions in writing to pay money, after they have, by execution and delivery, become, at any time, valid and binding obligations, is well settled. As held in *Rector* v. *Hancock*, 127 Va. 101, 102 S. E. 663: "Parol evidence is inadmissible to show that a note, or other obligation, in terms payable in money, was in fact to be discharged in some other way; * *." This is not true, of course, if, by reason of fraud in the procurement of the paper by the payee, which goes to its validity, or by some breach of confidence by the payee in using the paper, such as fraudulently diverting the paper to another purpose from that for which it was delivered which also goes to its validity, the instrument never had any vitality as a contract. In such case, as uniformly held, the oral evidence tends to prove independent facts, which, if established, avoid the effect of the written agreement by facts *de hors* the instrument and do not tend to contradict or vary it. *Towner* v. *Lucas*, 13 Gratt. (54 Va.) 716; *Solenberger* v. *Gilbert*, 86 Va. 788, 11 S. E. 789; *Tuley* v. *Barton*, 79 Va. 392; *Hawse* v. *First Natl. Bank*, 113 Va. 590, 75 S. E. 127; *Whitaker* v. *Lane*, 128 Va. 317, 104 S. E. 252, 11 A. L. R. 1157; *Robertson* v. *Va. Natl. Bank*, 135 Va. 166, 115 S. E. 536. In such cases, indeed, if they involve a negotiable instrument, the title thereto is "defective" under the provision of section 5617 of the Code; and under section 5578 of the Code, as between the immediate parties and as regards an indorsee with notice thereof, the delivery may be shown, by parol evidence, to have been upon a condition precedent, or for a special purpose only, and not for the purpose of transferring "the property in the instrument."

[5] But where the instrument is in fact delivered as a valid and binding obligation, for any moment of time, and it is sought by parol evidence to show an agreement by the obligee (even though the alleged agreement is

said to have been made at or before the delivery of the instrument) to release the obligor from his liability under the terms of the instrument, or to limit such liability, upon the happening of any subsequent event, or under any subsequent circumstances whatsoever, the parol evidence rule is applicable and the evidence is inadmissible. And the same is true in an action by an indorsee with knowledge of such an agreement. See, in addition to the cases above cited, 1 Joyce's Defenses to Commercial Paper (2d ed.), section 519, page 714; Chamberlayne on Ev., section 3553; 2 Elliott on Contracts, 1620, 1621, 1625. In such cases, where a negotiable instrument is involved, "the property in the instrument," within the meaning of section 5578 of the Code, is passed by the delivery of the instrument, and it may not be shown by parol evidence, even as between the immediate parties, that the delivery of the instrument was conditional, or for a special purpose only, other than what appears from the terms of the instrument itself.

[6] Such being the law of the case, it is apparent from the reading of the evidence that the instant case falls within the parol evidence rule; for it appears from the evidence, without conflict therein, that the note involved in the instant case was, at the time of its delivery by the defendant maker to the payee thereof, delivered as a valid and binding obligation, to remain such until its maturity, and even at and after maturity it was still to remain a valid and binding obligation of the maker to pay to the payee or to his indorsee the amount of money stipulated in the note, unless the following subsequent events should happen, namely, unless the automobile, for which the note was given, was not sold for a price equal to the amount of the note, and the unsold automobile was returned to the payee of the note

before its maturity, and only upon the happening of such subsequent events was the maker of the note to "be not required to pay the same or any part thereof."

We are, therefore, of opinion that the parol evidence in question sought to set up a condition subsequent to the passing of the property in the note to the payee, and, if given effect, would operate to discharge what was, by its unambiguous terms, for a time at least, a valid existing obligation to pay money, "in some other way," different from that prescribed by such terms. The parol evidence was therefore erroneously admitted and the case must be reversed, and, under section 6365 of the Code, judgment will be entered for the plaintiff, for the amount of the note, less the credit set out in the petition for the attachment, with interest on such amount from the date of the note until paid, together with costs in this court and in the trial court.

[7] 2. The defendant, H. H. Witt, by cross-assignments of error, takes the position that the executor, who was also made a party defendant to the attachment proceeding and sought to be garnisheed, cannot be garnisheed and made to account to a creditor of a distributee of an estate, especially before there is an ascertainment of whether there are any prior liens upon the share of the estate belonging to such distributee; and, hence, contends that the attachment should be dismissed.

With respect to such contention, it is sufficient to say that there is no issue before us with regard to the attachment. Section 6404 of the Code provides that if, in an attachment proceeding, "the plaintiff's claim be due at the hearing, and the court would otherwise have jurisdiction of an action against the defendant for the cause set forth in the petition, and said defendant has appeared generally, or been served with process, it shall

retain the cause and proceed to final judgment, in like manner as if it had been a motion matured for hearing under section six thousand and forty-six." In the instant case the defendant, H. H. Witt, appeared generally.

*Reversed and final judgment entered for plaintiff.*