# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## RONALD AND WIFE V. BANK OF PRINCETON.

### DECEMBER 20th, 1894.

1. NEGOTIABLE NOTES—*Failure of purpose—Case at bar.*—The bill avers that the note was delivered for one purpose and without the parties' consent, was used for a different purpose, and that *Solenberger* v. *Gilbert*, 86 Va., 778, rules the case: HELD : The averment of fact is not sustained by the proof.
2. CHANCERY PRACTICE—*Irregularities—Waiver.*—A consent submission of a cause for hearing is a waiver of irregularities at rules.
3. APPELLATE COURT—*Too late.*—Where for the first time the point is raised in this court that a promise in the note to pay, in case of a suit, five per cent collection fees and fifty dollars attorney's fee, is an unenforceable penalty within the ruling of *Rixey* v. *Pearre*, 89 Va., 113 : HELD : Too late now to raise the point.
4. DESTRUCTION OF NEGOTIABILITY—*Case at bar.*—Conceding that such a promise might destroy the negotiability of the note, yet the averment that the note was delivered for the sole purpose of being discounted, not having been proved : *held,* such concession would avail the appellants nothing.

Appeal from decree of the judge of circuit court of Montgomery county, rendered in vacation June 29, 1891, in a chancery cause wherein Mrs. Sallie A. Ronald and her husband, Charles A. Ronald, were complainants and the Bank of Princeton and another were defendants. The decree being adverse to the complainants they appealed. Opinion states the case.

*G. W. & L. C. Hansbrough,* for appellants.

*Phlegar & Johnson,* for appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit for an injunction to prohibit the sale of certain real estate under a deed of trust, which was given to secure to the Bank of Princeton a note for $950, made by Charles A. Ronald payable to the order of Sallie A. Ronald, and endorsed by her.

The bill states that Charles A. Ronald was indebted to one Spindle, and that the note was placed in his hands for the sole purpose of being discounted by the bank, and the proceeds applied to the satisfaction of the Spindle debt, and that the sum of $147 was thereupon paid by Spindle to the complainants (Ronald and wife)—the debt being that much less than the amount of the note. The bill then states that the complainants supposed the note had been discounted, but that Spindle, instead of having it discounted, had, without the knowledge or consent of the complainants, deposited it with the bank as collateral, and that the trustee in the deed of trust had advertised the trust property (which is the separate estate of the female complainant) for sale.

An injunction, according to the prayer of the bill, was awarded, which was afterwards dissolved by the decree complained of.

The appellants contend that the case is ruled by *Solenberger* v. *Gilbert*, 86 Va., 778, where it was held that a note delivered for one purpose could not be validly used, without the consent of the parties, for another and different purpose; and such a case is alleged in the bill in the present case; but the case as thus stated is not established by proof. The record shows that the note was used by Spindle as collateral, but the averment that it was originally delivered for the sole purpose of being discounted is not proved. The note itself does not show it, and the deed of trust, though given " to secure the bank," does not show it, for *non constat* it was not given to strengthen the collateral.

Opinion.

It is assigned as error that the circuit court erred in over-ruling the plaintiff's exceptions to the answer of the bank, on the ground, among others, that no notice is taken in the answer of the allegation in the bill " that the trust deed was executed to secure the note only in the event that it should be discounted by the bank." But the answer distinctly avers that " respondent knows nothing of the matters alleged in the bill as occurring or existing between the complainants and Spindle, and does not admit any of the equities alleged in the bill," which is a sufficient answer to the appellants' objection on this point.

They also insist that the proceedings at rules were irregular; but the record states that " the cause was regularly matured at rules and set for hearing," and, further, that it was submitted for hearing by consent, which cured all previous irregularities, if any there were.

The note contains a collateral promise to pay in addition to the amount of the note, in the event of a suit thereon, five per cent collection fees and fifty dollars attorney's fee in addition to the attorney's fee taxed or allowed by law; and it is contended that this provision brings the case within the ruling in *Rixey* v. *Pearre*, 89 Va., 113, where a similar stipulation in a note was held to be a penalty, and as such not enforceable. But no such point was made in the court below, and it is now too late to raise it.

It is also contended that such a provision destroys the negotiability of the note; but if this were conceded, the concession would not help the appellants' case, since, as already stated, the allegation in the bill that the note was made and delivered for the sole purpose of being discounted is not established by proof; and the *onus* was on the appellants to prove it.

The result of these views is that the decree must be affirmed.

DECREE AFFIRMED.