# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## R. W. Harris v. H. B. Sanford.

### June 16, 1927.

1. Bills, Notes and Checks—*Parol Evidence—Conditional Delivery— Case at Bar.*—In the instant case, plaintiff alleged that he delivered to defendant a certain post dated check upon condition that defendant was to use the check as a cash payment on the purchase of a lot, if plaintiff did not notify defendant before the date of the check that he would not purchase the lot; and that plaintiff did so notify defendant. The trial court refused to admit the testimony of the plaintiff that the check and defendant's receipt for the check were given upon this condition, as set out in the notice of motion for judgment, or to allow him to introduce correspondence between the parties tending to show that the condition was not complied with.

   *Held:* That the plaintiff should have been permitted to testify that the check and receipt were exchanged and delivered conditionally and the issue, which was the only one between the parties, submitted to the jury under proper instructions.

2. Bills, Notes and Checks—*Parol Evidence—Conditional Delivery— Sealed and Unsealed Instruments.*—The right to prove that a written document was delivered upon condition has long been recognized as not within the principle of the parol evidence rule in Virginia and elsewhere, and this applies to sealed as well as unsealed instruments.

3. Bills, Notes and Checks—*Parol Evidence Rule—Agreement That Instrument shall not Take Effect until the Happening of Some Specified Event.*—A person may manually deliver a negotiable instrument to another, on its face containing a binding obligation *in praesenti* of such person to such other, with a contemporaneous verbal agreement that it shall not take effect until the happening of some specified event (as that others shall endorse it) and such condition is binding as between immediate parties and as regards a remote party other than a holder in due course. This does not violate the rule that a written instrument cannot be varied by contemporaneous parol agreement, but is only evidence to show that the instrument never had vitality as a contract.

Error to a judgment of the Corporation Court of the city of Fredericksburg in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Reversed and remanded.*

The opinion states the case.

*W. W. Butzner,* for the plaintiff in error.

*C. O'Connor Goolrick* and *R. O. Norris, Jr.,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

A writ of error was awarded R. W. Harris, plaintiff in the trial court (hereafter referred to as plaintiff), to a judgment of the Corporation Court of Fredericksburg in favor of the defendant, H. B. Sanford (hereafter referred to as defendant), upon the assignment of error that the trial court refused to permit the plaintiff to introduce evidence which tended to show that the plaintiff delivered on December 29, 1925, to the defendant, a certain check post dated January 29, 1926, upon condition that defendant was to use the check as a one-fourth cash payment on the purchase of a lot in the State of Florida, after January 29, 1926, if the plaintiff did not notify defendant before that date that he would not purchase the lot.

The check was as follows:

"Fredericksburg, Virginia, January 29, 1926.

"Pay to the order of H. B. Sanford........$375.00

"Three hundred and seventy-five 00/100 .....Dollars

"For one-fourth payment on lot sixteen, Block nine, Sunny Side Park Addition.

"To National Bank of Fredericksburg,

"Fredericksburg, Va.

"ROBT. W. HARRIS."

For this check defendant gave his receipt to the plaintiff. "Received of R. W. Harris, check $375.00, one-fourth cash on lot sixteen, Block nine, dated January 29, 1926. H. B. Sanford agrees to sell same at twenty-five per cent profit in ninety days from date net to R. W. Harris on $1,500 investment.

"H. B. SANFORD."

On March 16, 1926, plaintiff instituted action by notice of motion against defendant for $375.00 (the amount of the check), in which he alleged, in addition to the foregoing, that prior to January 29, 1926, to wit, on January 21, 1926, he had notified defendant that he would not buy the Florida lot and requested a return of his check. That he received a letter from defendant, dated Vero Beach, Florida, January 25, 1926, as follows:

"HARRIS AND BROTHER,

"Fredericksburg, Virginia.

"DEAR SIR:

"Yours of January 21st to hand.

"As to returning your check, I mailed this to my bank, Kilmarnock, Virginia, for credit.

"So, of course, if you stop payment on same will be charged to my account.

"I'll be very glad if you will return to me the contract left in your possession and reasons for calling the deal off.

"Yours truly,

"H. B. SANFORD."

It is then alleged defendant failed to carry out his agreement and return the check; that he negotiated the check, and had it charged to plaintiff's account at the Farmers' and Merchants' State Bank at Fredericksburg, Virginia, and that defendant was therefore indebted to the plaintiff in the sum of $375.00 with interest from January 29, 1926.

The defendant pleaded the general issue and filed as his ground of defense the following: "Defendant says that the check for $375.00 given him by Harris constituted a one-fourth payment on the unconditional purchase by Harris of a certain lot at Vero Beach, Florida, and that said money was so applied and defendant has been ever since ready, and still is ready to deliver good and sufficient deed for said property on payment of balance of the purchase price, which balance is $1,125.00 the lot having been sold to Harris for $1,500.00, all of above as per written receipt of December 29, 1925, given Harris by defendant and check of Harris for $375.00 received by defendant."

The trial court refused to permit the plaintiff to testify that the check and receipt were given upon condition, as set out in the notice of motion for judgment or to introduce the correspondence between the plaintiff and defendant referred to above, and a verdict and judgment for the defendant resulted as a matter of course.

Exception was duly taken to the action of the trial court in excluding this evidence and the bill of exceptions contains all the plaintiff would have shown in evidence if he had been permitted to testify.

[1] We think the plaintiff should have been permitted to testify that the check and receipt were exchanged and delivered conditionally, and this issue, which was

the only issue between the parties submitted to the jury under proper instructions.

[2] The trial court took the view that the proffered evidence if admitted would violate the so-called parol evidence rule, but the right to prove that a written document was delivered upon condition has long been recognized as not within the principle of this rule in Virginia and elsewhere.

In *Catt, Trustee* v. *Oliver*, 98 Va. page 583, 36 S. E. 981, this is said: "No rule of law is better settled or of greater importance than that a written contract cannot be contradicted or varied by evidence of an oral agreement between the parties made before or at the time of such contract. The object of the evidence introduced in this case was not, however, for the purpose of contradicting or varying the writings in question, but to show that the conditions upon which they were to become operative never occurred. That this may be done within certain limitations by oral evidence is also well settled."

In *Solenberger* v. *Gilbert's Adm'r*, 86 Va., page 778, 11 S. E. 789, this is said:  "To establish the fact that there was no valid delivery of a note sued on or a delivery thereof for a special purpose, only parol evidence is admissible.  Where such evidence, in connection with written, shows that the purpose for which a note was delivered failed, there is no liability therefor on its maker."

See, also, *Ronald* v. *Bank*, 90 Va., page 813, 20 S. E. 780.

In *Humphreys* v. *Richmond & Mecklenburg R. R. Co.*, 88 Va., 431, 13 S. E. 985, we find authority for the proposition that extrinsic evidence is admissible to show that an agreement was delivered to the obligee or grantee to later take effect only upon the

happening of a condition which is shown never to have happened, and in 16 Cyc. 575, this appears: "The mere tradition of the instrument to the grantee does not operate as a delivery absolute, where it is agreed that the grantee is to deposit the instrument as an escrow with a third person certain and it is in due course actually so deposited."

Prior to the decision in *Whitaker* v. *Lane,* 128 Va. 317, 104 S. E. 252, 11 A. L. R. 1157, the rule was considered to apply to instruments not under seal only, but if so, that decision extended it to sealed instruments also.

In that case, Judge Burks, speaking for the court, said: "It is difficult to understand, at this day, when the courts are striving to enforce the substantial rights of parties regardless of mere forms and technicalities, why one of these instruments may be delivered on a condition and the other not."

And further he says:

"No good reason is perceived why the power to deliver does not carry with it the power to annex conditions to such delivery.

"In the present advanced state of civilization, we think we should say of sealed contracts what the Court of Errors of Connecticut said of unsealed contracts:

" 'Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled. If the payee of a note has it in his possession, that fact would be *prima facie* evidence that it has been delivered; but it would be only *prima facie* evidence. The fact could be shown to be otherwise and by parol

evidence.   Such parol evidence does not contradict the
note or seek to vary its terms.   It merely goes to its
point of non-delivery.   The note in its terms is pre-
cisely what both the maker and the payee intended
it to be.   No one desires to vary its terms or to con-
tradict them.' "

Citing *McFarland* v. *Sikes*, 54 Conn. 250, 7 A. 408,
1 Am. St. Rep. 111.

[3] In *Robertson* v. *Nat. Bank*, 135 Va. 166, 115
S. E. 536, this appears in the syllabus:   "A person
may manually deliver a negotiable instrument to
another, on its face containing a binding obligation
*in praesenti* of such person to such other, with a
contemporaneous verbal agreement that it shall not
take effect until the happening of some specified event
(as that others shall endorse it), and such condition
is binding as between immediate parties and as regards
a remote party other than a holder in due course.
This does not violate the rule that a written instru-
ment cannot be varied by contemporaneous parol
agreement, but is only evidence to show that the
instrument never had vitality as a contract."

In *Reliance Life Ins. Co.* v. *Gulley's Admx.*, 134 Va.
468, 114 S. E. 551, this court said:   "If an unsealed
paper, whether negotiable or not, is perfect on its
face, but is delivered to the payee or any person on
condition that the instrument is not to take effect
except in a given event, or under given conditions, or
is only to be used for a given purpose, the condition
is binding between the original parties, and in a suit
between them parol evidence is admissible to show
the conditions."

See also, *Hopkins* v. *LeCato*, 142 Va. 769, 128 S. E.
55; *Crafts* v. *Broadway Bank*, 142 Va. 702, 128 S. E.
364; *Ware* v. *Allen*, 128 U. S. 590, 9 S. Ct. 174, 32

L. Ed. 563; *Burke* v. *Dulany*, 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698; *Benton* v. *Martin*, 52 N. Y. 570.

The plaintiff in the instant case was invoking this well-established rule in tendering the evidence which the trial court excluded. We think this was error for which the judgment in favor of defendant should be set aside and reversed and a new trial awarded the plaintiff. This will be done by this court and the cause remanded to the corporation court for a new trial to be had in conformity with the views herein expressed.

*Reversed and remanded.*