# Richmond

## Wrendo M. Godwin, Receiver, Etc. v. W. W. Kerns, M. D.

November 24, 1941.

Record. No. 2342.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

George L. Doughty, J. Brooks Mapp and Francis C. Brown (Washington, D. C.), for the plaintiff in error.

B. T. Gunter, Jr. and Stewart K. Powell, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This was a proceeding by notice of motion for judgment on a note of $375, instituted by Wrendo M. Godwin, receiver for the Peoples Bank of Bloxom, Inc., Bloxom, Virginia, against W. W. Kerns, M. D., the maker thereof. There was a verdict and judgment for the defendant and from that judgment this writ of error was granted.

At the beginning of the year 1935, the Peoples Bank of Bloxom, Inc., had a capital stock of $27,500, of which $15,000 was preferred stock owned by the Reconstruction Finance Corporation and $12,500 common stock held by local persons of Accomack county. Its surplus account was carried at $14,300.

An examination of the affairs of the bank made on February 8, 1935, by the Federal Deposit Insurance Corporation and the Banking Division of the State Corporation Commission, disclosed a loss and depreciation in its assets amounting to $17,671.29, thereby showing an impairment of its capital stock in the sum of $3,356.29. The loss and depreciation in loans and discounts

amounted to $6,758.86. The remainder of the loss was due to overdrafts and to depreciation in the value in the bank's building, furniture and fixtures, and real estate holdings.

A written report of the examination setting out the above situation, item by item, was furnished to the bank.

On March 17, 1935, bank examiners of the State Corporation Commission again went to the town of Bloxom and began another audit of the affairs of the bank. At that time there were ten directors of the bank, including the defendant, Kerns, who was then, and had been for several years, its president.

The examiners had several conferences with Kerns and his fellow-directors between that date and March 20, 1935. On the latter day, a special meeting of the board of directors was held, at which all of the directors, including Kerns, were present. At this meeting they were advised as to the condition of the bank and were told that unless the impairment of its capital stock should be made good immediately, the bank could not remain open.

The directors, being anxious to prevent the closing of the bank, agreed to put up $3,500 among themselves to cover the stated depreciation. In accordance therewith, seven of the directors gave their notes payable to the bank in the sum of $350 each. One gave an assignment of his savings account in the amount of $300. The defendant and another director gave their several notes to the bank in the sum of $375 each. The notes were delivered to the bank, accepted by it, and carried as a part of its assets.

In making out the notes, the usual form of a collateral note was used, although no collateral was listed or intended to be listed thereon. No collateral was delivered to the bank, nor were any of its assets assigned or delivered to the makers of the notes.

Subsequently, the financial condition of the bank, through a continuous decline in the value of its securi-

ties and assets, became gradually worse. On July 19, 1937, Wrendo M. Godwin was duly apointed and qualified as its receiver.

All of the directors' notes came into the hands of the receiver. Thereafter, Godwin, as receiver, instituted separate notices of motion for judgment against Kerns and six other directors for the respective amounts of their notes.

It is stipulated by counsel for the receiver and for all of the directors who were sued that the final decision of this case will control the other six cases.

The written contract made by Kerns, so far as is material here, was in the following form and language:

"$375.00        BLOXOM, Va., March 20, 1935.
"On Demand Without Interest ........ days after date the undersigned jointly and severally, promise to pay to PEOPLES BANK OF BLOXOM, Inc., BLOXOM, VA., or order, negotiable and payable without offset, at said Bank Three hundred seventy five * * * 00/100 Dollars, for value received.
                "W. W. KERNS, M. D."

To the notice of motion against him, Kerns filed a plea of the general issue and grounds of defense. The grounds of defense admitted that all notes of the directors were given to the bank to cover the impairment of its capital stock so that it could continue to operate; but alleged that they were given upon a contemporaneous parol agreement with the bank examiners that when collections, if any, were made on notes or securities of the bank then considered worthless or depreciated in value, such collections would be credited towards the satisfaction *pro tanto* of the notes of the directors; and that notwithstanding collections had been made by the bank on the depreciated securities, no credit had been applied on any of the directors' notes.

The trial court overruled the demurrer to the motion and the motion to reject the grounds of defense.

Upon the trial, Godwin offered Kerns' note in evidence and testified that, as receiver, he held the possession and title to it; that there had been no payments or credits thereon; and that upon demand for payment, payment had been refused. Overruling the objection of the plaintiff, the trial court allowed the defendant and his witnesses to testify that the note was executed and delivered upon the contemporaneous parol agreement set out in the grounds of defense.

Defendant's witnesses were not in full accord as to the identity of the worthless or depreciated notes from which credits were to come. The bank examiners, on the other hand, testified that no credit was to be given on the directors' notes unless both the depreciated and worthless securities, described in the report of February 8th, and the depreciation in the other assets of the bank, were both paid in full or restored to former value.

The issue is clear-cut, since the parol evidence challenges not the vitality or validity of the note as a contract but seeks to vary, contradict, or alter its express terms.

■ In Virginia, no general rule seems to be better settled than that, in controversies between two parties to a contract, parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional, written instrument. See Volume 7, Digest of Virginia and West Virginia Reports (Michie), Parol Evidence, page 897.

Of the numerous cases before this court, *Crafts v. Broadway Nat. Bank of Richmond*, 142 Va. 702, 128 S. E. 364, clearly and distinctly sets out the rule which has been strictly adhered to in this state. It has been recently followed and approved in *Barrett v. Vaughan & Co.*, 163 Va. 811, 178 S. E. 64; *Ward v. Bank of Pocahontas*, 167 Va. 169, 187 S. E. 491; *Nottingham v. Farmers, etc., Trust Bank*, 170 Va. 291, 196 S. E. 634; *White v. Commonwealth*, 158 Va. 749, 164 S. E. 375.

In *Crafts* v. *Broadway Nat. Bank of Richmond, supra,* as here, the note sued on was in the usual form of a collateral contract generally employed by banks. The maker of the note assigned it with certain collateral. The defendant in that case was the president of the company, which executed the note. He personally endorsed it. As endorser, he offered to show that at the time of his endorsement, there was a contemporaneous parol agreement between him and the bank that so long as the monthly collections on the collateral were paid to the bank, the note would not be called. The trial court held that there was an unconditional promise by the maker and the endorser of the note to pay it and refused to admit the evidence.

In affirming the trial court in that case, Judge McLemore, after reviewing the authorities, said:

"It may be confidently affirmed, as the settled law of this State, that where a negotiable note or other unconditional promise to pay at a stipulated time is regular upon its face, and is delivered to the payee as a valid and binding obligation for ever so short a time, no contemporaneous parol agreement can be set up to show that payment was not to be demanded at maturity, or until attached collateral had been exhausted, or upon the happening of any other subsequent event not mentioned in the note itself. All such efforts have as their end to change or vary the terms of the written contract, which we think is contrary to the great weight of authority, and is clearly in conflict with the previous decisions of this court."

The note signed by Kerns was a plain, simple, unambiguous, and unconditional contract to pay the sum of $375, without offset and without interest, whenever demanded by the payee. The purpose of its execution and delivery was to transfer the property in the instrument to the bank, and it was so held and possessed by the bank. It was regular and complete upon its face.

It was delivered and accepted by the payee as a valid and binding obligation.

The defendant admits that it was an unconditional promise to pay the stipulated sum, and that if he had been called upon the day after its delivery, he would have been liable therefor.

■ To allow it to be shown by parol evidence that the note was to be paid or reduced by payments made to the holder from other securities held by the holder, or to be paid or reduced in value upon the happening of any subsequent event not mentioned in the note itself, would be to alter, vary, and contradict the express terms of a written contract.

The circumstances of this case and especially the conflict in the testimony as to the oral agreement proves, we think, most clearly the wisdom of the general rule. To deny its application here would open the door to the very evil the rule was designed to avoid. *Towner* v. *Lucas' Ex'r*, 13 Gratt. (54 Va.) 705.

The fact that the defendant, an intelligent man, added nothing to the written instrument relative to the subject on which the parol evidence is based, indicates a lack of agreement between the parties on that particular subject and that the written contract contains only what their minds mutually agreed on.

We are of opinion that this is a clear case of attempting to vary, contradict, add to, or explain the terms of a perfectly complete, unambiguous, written instrument. The trial court should have excluded or stricken all of the testimony relating to the alleged oral, contemporaneous agreement.

Having reached this conclusion, it is unnecessary to consider any of the other assignments of error which are based upon the effect of the evidence of the parol agreement, or upon the ruling of the trial court excluding certain other evidence of the plaintiff in contradiction of the parol agreement.

Since, with the exclusion of the testimony based upon the grounds of defense, the facts are such on the merits of the case that a verdict should have been rendered for the plaintiff, the judgment of the trial court will be reversed; the verdict of the jury set aside; and a final judgment entered here for the plaintiff in the amount sued for. Virginia Code, 1936, section 6365.

*Reversed and final judgment.*