## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

McTague

v.

Moir et al.

January 23, 1969

Case No. (Law) 4495

By JUDGE EDWARD L. RYAN, JR.

Plaintiff sues on bearer note in the sum of $6,083.31, the makers being Herbert L. Moir and Grace H. Moir and the endorsers being Herdon Corporation and Warren A. Ott.

In his answer (grounds of defense) Ott denied indebtedness to plaintiff and asserts that the note was procured by fraud. In his bill of particulars Ott asserts, in part, that at the real estate closing transaction an alteration was made in the note and that he endorsed the note, at plaintiff's request, for the sole purpose to insure that a new unaltered note would later be substituted for the original note. He adds that plaintiff gave him "express and positive" assurances "that he (Ott) was to have no liability on the note, but was merely signing in order to assure the delivery of a new unaltered note."

In its answer (grounds of defense) Herdon Corporation denies indebtedness to plaintiff and asserts that the note was procured by fraud. In its bill of particulars Herdon Corporation asserts that (1) it never authorized anyone to endorse the note in its name; that (2) the signature of the supposed endorser, while illegible in part, is not the signature of any officer of the corporation; and (3) that being a corporation it can have no

liability as an accommodation endorser because such endorsements are "invalid at law."

The makers, Mr. and Mrs. Moir, filed only an answer (grounds of defense) state "that they neither admit nor deny the allegations contained in . . . the motion for judgment."

In his brief evidence in chief plaintiff made out a prima facie case for recovery. Over the continuing objections of plaintiff, the defendants offered a great deal of oral testimony in support of the defense matters set out above.

At the outset, the court must meet plaintiff's contention that failure of defendants to incorporate in their grounds of defense the matters alleged in the bills of particulars requires the court to ignore any and all such defense matters. It appears that such contention is without merit. Rule 3:18 provides that "all bills of particulars and motions in writing are pleadings." The Judicial Council for Virginia in *Proposed Modifications of Practice and Procedure*, 27 (1949), stated: "Bills of particulars, etc., should be treated as pleadings because they contain the deliberate assertions of fact made by the parties for the purposes of the lawsuit." In *Handbook of Virginia Rules of Procedure in Actions at Law*, Phelps, p. 240, the following is said:

> There seems to be no sound reason why a court should not consider statements made in the bills of particulars to find a cause of action has been stated or to qualify statements in the notice of motion to the extent that no cause of action has been stated. The Supreme Court of Appeals of Virginia seems to have had this in mind when it said, "Plaintiff, in its motion for judgment, its affidavit and its *bill of particulars*, stated a good cause of action, *and stated it in such a way that defendant could not reasonably have mistaken the nature of the action upon which plaintiff predicated its claim." Miller* v. *Grier S. Johnson, Inc.*, 191 Va. 768, 778, 662 (sic) S.E.2d 870, 875 (1951). (Italics supplied.)

It would seem that the same rule and reasoning would apply to a bill of particulars amplifying the grounds of defense.

On the other hand, the court is of the opinion that the parole evidence rules requires it to strike out and ignore the oral testimony of the defendants that attempts to vary and contradict the plain terms of the promissory note sued upon. *Wheeler* v. *Wardell*, 173 Va. 168 (1939); *Ward* v. *Bank of Pocahontas*, 167 Va. 169 (1936); *Conway* v. *American National Bank*, 146 Va. 357 (1926); *Crafts* v. *Broadway National Bank*, 142 Va. 702 (1925). In *Conway* (p. 362) the Virginia court stated that "[t]he parole evidence rule, the wisdom and beneficence of which has been demonstrated by experience, is very rigidly adhered to in this State." Also, "[t]he great weight of authority" is said to support the rule in 8 Am. Jur., vol. 8, p. 645, sec. 1076.

When the note was made and endorsed it was in no way made conditional by anyone. At that point in time its validity was unconditional, and there was clearly no condition *precedent* agreed upon or discussed. Defendants contend that it was to be later exchanged for a second note, but, if so, this was at most a condition *subsequent.* Ott plainly admitted that the note was *in esse* from the moment of delivery and was given for plaintiff's protection and would have been honored if the alleged second note was not eventually substituted. But treating the condition as a *subsequent* one, the original note was never extinguished by any subsequent note, and, indeed, the defendants never prepared or offered a second note to the plaintiff. Professor Nash says that parole evidence is admissible "to show that the instrument never had vitality as an instrument," but here the note did have vitality from the moment of delivery. Also, such evidence may be accepted to show "that the instrument was not to become operative until the happening of some condition *precedent* which has not in fact occurred," but in this case no condition precedent was ever stipulated. The following language from *Crafts* is apposite:

> In this class of cases it will be observed that the notes *never* became effective because of the failure to comply with a *condition prece-*

*dent.* In the case before us the note was admittedly to become binding and effective *upon delivery*, and was upon its face in all respects regular. . . .

It may be confidently affirmed, as the settled law of this State, that where a negotiable note or other *unconditional* promise to pay at a stipulated time is *regular upon its face*, and is delivered to the payee as a valid and binding obligation *for ever so short a time*, no contemporaneous parol agreement can be set up to show that payment was not to be demanded at maturity, or until attached collateral had been exhausted, *or upon the happening of any other subsequent event not mentioned in the note itself.* All such efforts have as their end to change or vary the terms of the written contract, which we think is contrary to the great weight of authority, and is clearly in conflict with the previous decisions of this court. (Italics supplied.)

To the same effect see *Continental Trust Co.* v. *Witt,* 139 Va. 458, 467 (1924).

There was no fraud in the procurement of the note, and any supposed subsequent fraud cannot be shown by parole evidence of facts that occurred prior to or contemporaneously with the delivery of the note.

Plaintiff admitted that Herdon Corporation was an accommodation endorser, but the lack of authority to so endorse is an affirmative defense. There was no duty on the part of the plaintiff to prove that the person endorsing for Herdon had authority to do so or that the governors of the corporation had approved the accommodation endorsement.

Finally, the court finds that there was no failure of consideration, and that the raising of the construction costs in the sum of $6,000.00 was "washed out" in the calculations at the closing transaction.

A sketch of an order entering judgment against the defendants may be submitted for entry.