COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Beales


JAMES M. STRICKLAND

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0314-07-2              JUDGE JEAN HARRISON CLEMENTS
                                                        DECEMBER 18, 2007
TERESA STRICKLAND


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Frederick G. Rockwell, III, Judge

              (Linda J. Woods; Woods & Christensen, P.C., on brief), for
              appellant.  Appellant submitting on brief.

              No brief or argument for appellee.


        Appellant James M. Strickland (husband) appeals from the findings of the trial court

made in connection with its decree of absolute divorce from appellee Teresa Strickland (wife).

Essentially, husband challenges 1) the allocation of bankruptcy debt consolidated during the

marriage solely to husband, 2) the legal effect of the parties' separation agreement, and, 3) the

amount of child support awarded.  Because we find the trial court erred with respect to the

allocation of bankruptcy debt, and also find each remaining argument either without merit or

procedurally defaulted, we affirm in part, reverse in part, and remand the case for reconsideration

consistent with this opinion.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  We also note with regard to husband's brief that the table of contents, the questions

─────────────────
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

presented, and the section headings are inconsistent, disorganized, and at times incomplete. Although "[w]e will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief," Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), we have attempted, where possible, to correlate the arguments husband makes and the cases he cites with the questions he presents.

## I.  BACKGROUND

"[D]ecisions concerning equitable distribution and spousal and child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Floyd v. Floyd, 17 Va. App. 222, 224, 436 S.E.2d 457, 458 (1993).  We view the evidence in the light most favorable to wife, who prevailed below.  Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).  So viewed, the evidence showed that husband and wife were married on May 12, 1990, and had one child born on April 3, 1996. Both parties worked, but husband's income was substantially higher than that of the wife.  On October 30, 2002, the parties jointly filed in bankruptcy court for Chapter 13 relief of debt, and a bankruptcy plan was executed.  The effect of the bankruptcy plan was to consolidate the parties' joint federal taxes, utilities bills, home mortgage, credit cards, and other debt[1]; and to establish a repayment schedule of $500 per month taken directly from husband's paycheck until a total of $25,000 had been repaid.  The bankruptcy plan was modified on January 23, 2003, but the repayment schedule did not change.  Husband has made the payments ever since.

On November 11, 2003, in anticipation of their separation, husband "commit[ted]" in writing to put their home in wife's name, to pay $1,000 per month for wife and daughter, to take wife "off car loan," to give wife full custody of their daughter, and to "pay all bankruptcy."

---

[1] Wife conceded at trial that the consolidated debts had been incurred by the parties prior to their separation and that the bankruptcy debt was "marital debt," as she understood the term.

The parties separated on approximately December 12, 2003. That day, they entered into an "agreement and stipulation in accordance with section 20-109 & 20-109.1 of the Code of Virginia" (the agreement). The agreement was prepared by wife's attorney and signed by her and husband, who chose not to seek legal advice. The agreement purported to reflect a child support sum "configured using the child support guidelines," and included provisions for child and spousal support at $500 per month for each, to be paid by husband. Under the heading "Outstanding and Future Obligations," the parties agreed "to be fully and individually responsible for . . . any debts incurred by the parties prior to their separation," making no specific mention of the parties' bankruptcy debt anywhere in the agreement. Under the heading "Automobiles," the parties agreed that husband would take sole possession of their jointly owned 2002 Kia Sportage (the Kia) and would assume responsibility for all payments and expenses therefor, while wife would be removed from its title and lien. A final clause stated that the agreement "contains the entire understanding of the parties, and there are no representations . . . or undertakings other than those expressly set forth" therein.

Husband paid wife $1,000 per month from December 2003 through October 2004. Sometime during this period, husband told wife that he would continue to pay the entire bankruptcy debt under the terms of the bankruptcy plan, but that he would "cut back" on the money he was paying to wife and use those funds instead to pay wife's half of the bankruptcy debt. Although wife did not acquiesce, from October 2004 through November 2006, husband paid only $600 per month; withholding an amount calculated to offset wife's portion of the bankruptcy debt retroactive to December 2003.[2] Sometime prior to April 7, 2004, the Kia was repossessed by creditors for failure to repay the loan, leaving a $5,972.38 debt outstanding on the

---

[2] Husband paid $700 for February of 2005.

vehicle.  On April 7, 2004, the bankruptcy plan was modified again and $5,972.38 was added by the parties to the bankruptcy debt.

On July 26, 2006, wife filed a complaint seeking divorce, asking the trial court to affirm, ratify, and incorporate the agreement into the divorce decree.  She also filed a motion for the establishment of child and spousal support arrearages, based on husband's failure to pay the entire $1,000 per month under the terms of the agreement since October 2004.  Husband filed a cross-complaint, alleging that wife had violated the agreement by failing to pay her portion of their joint bankruptcy, and asking the court not to approve the agreement with respect to spousal support, or, in the alternative, to credit him with the payment of wife's portion of the bankruptcy debt.  During depositions, husband learned that wife had been promoted in her employment and her income at the time of trial was slightly higher than husband's.  The record shows no attempt by husband to amend his cross-complaint in order to plead regarding child support.

On November 20, 2006, the trial court granted the parties an absolute divorce, and ordered the agreement be ratified and incorporated, but not merged, into the final decree.  Custody of the minor child was awarded to wife, with child and spousal support ordered in accordance with the agreement at $500 per month each, for a total of $1,000.  The trial court made no reference to the bankruptcy debt in the final decree, which was therefore left for discharge in its entirety by the husband in accordance with the terms of the bankruptcy plan.  Husband objected to the decree in writing, and also moved the trial court specifically to reconsider the child support portion of the decree.  On December 12, 2006, husband's motion for reconsideration of the child support award was denied on grounds that husband failed in his pleadings to raise child support as an issue in the case.

On January 3, 2007, a hearing was held on the parties' motions to show cause, wherein the trial court addressed issues regarding the support payments dating back to October 2004;

- 4 -

specifically, whether or not the bankruptcy debt was marital, and if so what offset the husband was permitted. The trial court found that the bankruptcy debt was husband's "sole" debt, that he was not permitted an offset against his support obligations, and that the support order was retroactive to the date the agreement was executed. As a result, the trial court determined that husband owed wife support arrearages of over ten thousand dollars plus interest thereon. An order to such effect was entered on January 17, 2007, and this appeal followed.

## II. BANKRUPTCY DEBT

While admitting that $5,972.38 of the bankruptcy debt was properly allocated as his separate debt, husband asserts that the trial court erred in not allowing an offset against his support payments for his repayment of wife's share of what remained. Husband claims, and wife has conceded, that the bankruptcy debt—prior to the addition of the $5,972.38 traceable to the Kia—was consolidated from debt incurred by the parties during the marriage and before separation. Moreover, the agreement provides that the parties shall each be responsible for "debts incurred by the parties prior to their separation." Husband concludes that the trial court's determination that the entire bankruptcy debt was his separate and sole responsibility was therefore plainly erroneous and unsupported by the evidence. We agree.

Code § 20-109.1 provides that

> [a]ny court may affirm, ratify and incorporate by reference in its decree dissolving a marriage . . . any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children or establishing or imposing any other condition or consideration, monetary or nonmonetary.

After a trial judge ratifies and incorporates a property settlement agreement into a final decree of divorce, that agreement becomes, "for all purposes . . . a term of the decree, . . . enforceable in

- 5 -

the same manner as any provision of such decree." Campbell v. Campbell, 32 Va. App. 351, 356, 528 S.E.2d 145, 147 (2000).

> [P]roperty settlement agreements are contracts and [are] subject to the same rules of formation, validity and interpretation as other contracts. In construing the terms of a property settlement agreement, just as in construing the terms of any contract, we are not bound by the trial court's conclusions as to the construction of the disputed provisions.

Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986) (citation omitted).

Husband argues the evidence does not support the trial court's determination that the bankruptcy debt was his separate debt. See Stumbo v. Stumbo, 20 Va. App. 685, 692-93, 460 S.E.2d 591, 595 (1995) ("[W]hen debt is incurred, a trial court must determine the purpose of expenditure in order to . . . allocate debt as marital or separate[, and an award based on this determination must have] a proper foundation in the record . . . ."). In the alternative, he claims that any ambiguity in the agreement should be interpreted "most strongly" against wife, whose attorney drafted its terms. See Mahoney v. NationsBank of Virginia, N.A., 249 Va. 216, 222, 455 S.E.2d 5, 9 (1995) ("When an ambiguity exists, a court will construe a contract more strictly against the party who prepared it."). We need not address the merits of these arguments, because we find that the language of the agreement is unambiguous and should be applied as written. See Smith, 3 Va. App. at 513, 351 S.E.2d at 595 ("Where there is no ambiguity in the terms of a contract, we must construe it as written."). The agreement states that "each party" was to remain responsible for "debts incurred by the parties prior to their separation." Wife has conceded and the evidence shows that the bankruptcy debt falls squarely within the ambit of the relevant provision of the agreement, and we can detect no evidentiary support on the record for the trial

court's conclusion that the bankruptcy debt—excepting the $5,972.38 that husband concedes is his sole responsibility—should have been husband's alone to bear.[3]

We therefore reverse the arrearage determination of the trial court, and remand for reconsideration consistent with this opinion.

### III. THE AGREEMENT

Husband's brief presents a question as to whether the trial court was permitted to affirm and incorporate the agreement in the face of his allegation that wife was in breach thereof, but contains no correlating argument section; only an unsupported assertion under another heading that "the court is not obligated to affirm, ratify and incorporate a parties' separation agreement when asked if there is a dispute." Pursuant to Rule 5A:20(e), an appellant's brief must contain "[t]he principles of law, the argument, and the authorities relating to each question presented." See Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration."). Because husband failed to comply with Rule 5A:20(e), we will not address this question.

Husband also questions whether the trial court erred when it "found" its order to be "retroactive from the date of the agreement." He seems to contend that the trial court's order was statutorily precluded from imposing a support obligation retroactive to a time preceding the

---

[3] Because the language of the agreement is unambiguous and purports to be complete, husband's earlier signed promise, which deals with the same subject matter as the agreement, has no effect. See McComb v. McComb, 226 Va. 271, 274, 307 S.E.2d 877, 879 (1983) ("'[P]arol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional written instrument.'" (quoting Godwin v. Kerns, 178 Va. 447, 451, 17 S.E.2d 410, 412 (1941))); see also Ross v. Craw, 231 Va. 206, 212, 343 S.E.2d 312, 316 (1986) ("'[W]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself.'" (quoting Globe Iron Construction Company v. Bank of Boston, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965))).

filing of the complaint on July 6, 2006.  In support of this argument, he cites exclusively to Code § 20-108.1, section B of which states in pertinent part that "[l]iability for support shall be determined retroactively for the period measured from the date that the proceeding was commenced by the filing of an action with any court . . . ."  However, husband has not complied with Rule 5A:20(c), which requires that an opening brief contain "a statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court."  Husband's brief references appendix pages containing his general and specific objections to the trial court's January 17, 2007 order, but nowhere on the cited pages does he object to the trial court's finding that its order was retroactive to the date of the agreement based on his reading of Code § 20-108.1(B).  We therefore will not address this argument.  See Barrs v. Barrs, 45 Va. App. 500, 512, 612 S.E.2d 227, 232-33 (2005) (requiring strict compliance with Rule 5A:20(c)).

### IV.  CHILD SUPPORT

Husband asserts that the trial court erred in "refusing to hear [husband's] oral motion" concerning child support.  However, the evidence shows that the trial court considered his written objections and ruled thereon, and husband offers no authority to suggest that the trial court was thereafter obligated to hear an oral presentation of his arguments.

Husband also contends that the trial court erred when it refused to consider his motion to reconsider the child support award based on husband's failure to raise the issue in pleadings.  Specifically, he questions whether "[t]he trial court erred in not, on his own require recalculation of the guidelines when he was presented with evidence from Mrs. Strickland that there was a significant change in her income since the signing of the separation agreement three years prior [sic]."  Citing Watson v. Watson, 17 Va. App. 249, 251, 436 S.E.2d 193, 195 (1993), husband argues on brief that, prior to entering its decree, the trial court should have calculated

the presumptive amount of child support in order to comply with Code § 20-108.1, even despite husband's failure to plead the child support issue. However, each objection the husband made in the trial court as to the child support order was based upon his allegation that there had been a change in circumstance with respect to wife's income, and we cannot detect on the record where husband made a timely objection to preserve the specific statutory compliance argument he makes here on appeal. It is well established that "Rule 5A:18 requires that objections to the trial court's action or ruling be made with specificity in order to allow the trial court a chance to correct the claimed error." Torian v. Torian, 38 Va. App. 167, 185, 562 S.E.2d 355, 365 (2002); see also West Alexandria Prop., Inc. v. First Virginia Mortgage and Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."). We are therefore barred from addressing this argument, made for the first time on appeal.

Finally, husband argues that wife's significant increase in income required the trial court *sua sponte* to recalculate child support. However, as the trial court recognized, "'[a] decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void . . . .'" Gologanoff v. Gologanoff, 6 Va. App. 340, 346, 369 S.E.2d 446, 450 (1988) (quoting Ted Lansing Supply Co. v. Royal Aluminum & Construction Corp., 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981)). "'Pleadings are as essential as proof, and no relief should be granted that doesn't substantially accord with the case as made in the pleadings.'" Id. (quoting Lee v. Lambert, 200 Va. 799, 802, 108 S.E.2d 356, 358 (1959)). We therefore find no error inhering the trial court's decision.

## IV.  CONCLUSION

Having found that the trial court erred in allocating the entirety of the bankruptcy debt to husband, we reverse the arrearage determination and remand for reconsideration consistent with this opinion and in accordance with the relevant statutory provisions.  Upon all other issues, we affirm the judgment of the trial court.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>